UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-20457

JULIAN A. AVILES AVILA,

      Plaintiff,

vs.

AQUA CLEAN SERVICES, INC.,
MARIANA E. MONSALVE, and
CARLOS A. HENY,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, Julian A. Aviles Avila, sues Defendants, Aqua Clean Services Inc., Mariana E. Monsalve, and Carlos A. Heny, as follows:

### *Parties, Jurisdiction, and Venue*

1.      **Plaintiff, Julian A. Aviles Avila**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.      **Defendant, Aqua Clean Services, Inc. ("Aqua Clean Services"),** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.      **Defendant, Mariana E. Monsalve,** was at all times material the President of Aqua Clean Services, Inc., for the time period relevant to this lawsuit. She ran day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

4.      **Defendant, Carlos A. Heny,** was at all times material Vice President of Aqua Clean Services, Inc., for the time period relevant to this lawsuit. He also ran day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the issuance of information returns.

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Aqua Clean Services Security Services Inc., maintained its principal place of business in this District, because all information returns were issued to Plaintiff in this District, Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

6.      This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

7.      Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

8.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Julian A. Aviles Avila, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

9.      Plaintiff consents to participate in this lawsuit.

10.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

11.     Plaintiff was a non-exempt employee of Defendants.

12.     Defendants, Aqua Clean Services, Inc., Mariana E. Monsalve, and Carlos A.

2

Heny were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13.     All Defendants employed Plaintiff.

14.     Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

15.     Defendants have been at all times material engaged in interstate commerce in the course of their provision of cleaning and maintenance services for the hospitality industry which, traditionally, cannot be performed without using computers, telephones, chemicals, cleaning supplies, goods, materials, supplies, and equipment that have all moved through interstate commerce.

16.     Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

17.     Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

18.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

19.     Defendants hired Plaintiff to work for them as at the Design Suite Hotel located at 5445 Collins Avenue performing such duties as painting, making repairs, taking out mattresses,

3

changing sheets/towels/linens, and performing houseman services.

20.     Plaintiff worked for Defendants from about November 6, 2017 to January 28, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

21.     Defendants paid Plaintiff an hourly rate of $13.00 until approximately November 30, 2018.

22.     At that time, Defendants increased Plaintiff's an hourly rate to $14.00 per hour (with the $1.00 increase paid in cash) from approximately December 1, 2018 to January 28, 2019.

23.     Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

24.     Defendants paid Plaintiff for any documented time he worked beyond 40 hours in a week in cash at his regular rate(s) of pay.

25.     Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular hourly rate(s) of pay for all hours that he worked over 40 hours in a given workweek.

26.     Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying him in cash for all hours worked over 40 in a workweek at his regular rate of pay.

27.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

28.      Plaintiff is entitled to a back-pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Julian A. Aviles Avila, demands the entry of a judgment in his favor and against Defendants, Aqua Clean Services, Inc., Mariana E. Monsalve, and Carlos A. Heny, jointly and severally after trial by jury and as follows:

a.      That Plaintiff recovers compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b.      That Plaintiff recovers pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.      That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiff recover all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## COUNT II – VIOLATION(S) OF 26 U.S.C. §7434

Plaintiff, Julian A. Aviles Avila, reincorporates and re-alleges paragraphs 1 through 8 as though set forth fully herein and further alleges as follows:

29.     Defendants, Aqua Clean Services, Inc., Mariana E. Monsalve, and Carlos A. Heny, each had an obligation to provide correct information returns to the IRS and to the Plaintiff for the work he performed.

30.     Defendants paid Plaintiff, by check and cash, and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the reporting of all income paid as to Plaintiff, the issuance of W-2's to Plaintiff for each calendar year during which he performed work for Defendants, and the filing of information returns on own behalf of the corporate Defendant.

31.     During the time that Plaintiff worked for Defendants, they only included a portion of his wages in his paychecks.

32.     Defendants paid the remainder of the wages to Plaintiff for the work he performed beyond 40 hours in a workweek in cash.

33.     Defendants did not, however, include the cash payments that they paid to Plaintiff in any of the information returns relating to the wages earned by (or paid to) Plaintiff.

34.     Defendants willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2 for calendar year 2018 by underreporting the amount they paid to Plaintiff in calendar year 2018.

35.     Plaintiff suffered damages as a result of Defendants' willful provision of false information returns that understated the wages paid to him caused by Defendants' intentional and willful acts as described above.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

36.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Julian A. Aviles Avila, demands the entry of a judgment in his favor and against Defendants, Aqua Clean Services, Inc., Mariana E. Monsalve, and Carlos A. Heny, jointly and severally after trial by jury and as follows:

a.     That Plaintiff recovers the greater of $5,000 for each fraudulent information return filed/served by Defendant as set forth above;

b.     That Plaintiff recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c.     That Plaintiff recovers all interest allowed by law; and

d.     Such other and further relief as the Court deems just and proper.

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this <u>31st</u> day of January, 2020.

Respectfully Submitted,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 North Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*